UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


UNITED STATES OF AMERICA )
 )
 )
v. ) No. 4:05-CR-23
 ) *Judge Edgar*
JOE MICHAEL BORNE )
 )


## MEMORANDUM AND ORDER


  This case is before the Court on the defendant's motion, as supplemented, to suppress

evidence seized by the police and statements made by the defendant during a search of his person

and the motor vehicle he was driving on March 31, 2005. [Court Doc. Nos. 14, 20].  The Court

referred the motion to suppress to United States Magistrate Judge Susan K. Lee for her report and

recommendation.  After an evidentiary hearing, the Magistrate Judge has filed a report and

recommendation. [Court Doc. No. 34].  The Magistrate Judge recommends that the defendant's

motion to suppress evidence be denied.

  Defendant timely filed objections [Court Doc. No. 36] to the Magistrate Judge's report and

recommendation.  After reviewing the entire record *de novo*, the Court **ACCEPTS and ADOPTS**

the Magistrate Judge's findings of fact, conclusions of law, and recommendation pursuant to 28

U.S.C. § 636(b)(1).  The defendant's motion to suppress [Court Doc. Nos. 14, 20] is **DENIED**.  The

defendant's objections to the report and recommendation [Court Doc. No. 36] are **DENIED**.

-1-

In addition, the Court makes the following observations to amplify the Magistrate Judge's report and recommendation. The Fourth Amendment to the United States Constitution proscribes only unreasonable searches and seizures. *Scott v. United States*, 436 U.S. 128, 137 (1978); *United States v. Bishop*, 338 F.3d 623, 625 (6th Cir. 2003); *United States v. Ferguson*, 8 F.3d 385, 388 (6th Cir. 1993) (en banc). A decision by the police to stop an automobile is objectively reasonable and does not violate the Fourth Amendment where the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. Garrido-Santana,* 360 F.3d 565, 570-71 (6th Cir. 2004); *United States v. Jackson*, 63 Fed. Appx. 839, 841, 2003 WL 1984697, * 2 (6th Cir. April 25, 2003); *United States v. Bradshaw,* 102 F.3d 204, 210 (6th Cir. 1996); *Ferguson*, 8 F.3d at 391; *United States v. Pino*, 855 F.2d 357, 361 (6th Cir. 1988), *amended*, 866 F.2d 147 (6th Cir. 1989); *United States v. Brown*, 2003 WL 23471540, * 3 (E.D. Tenn. Dec. 4, 2003).

Probable cause only requires a probability or substantial chance of criminal activity, not an actual showing of criminal activity. *Illinois v. Gates*, 462 U.S. 213, 244 n. 13 (1983); *Ferguson*, 8 F.3d at 392. In the instant case, police officer Garner had probable cause to make a traffic stop of defendant Joe Michael Borne ("Borne") based on Borne's automobile muffler making excessive noise in violation of Tenn. Code Ann. § 55-9-202. The traffic stop was objectively reasonable and did not violate Borne's constitutional rights protected under the Fourth Amendment.

The motives and subjective intentions of police officers do not play a role in ordinary, probable cause analysis under the Fourth Amendment. As long as the police had probable cause to believe that Borne had committed a traffic violation, the subjective motives and intentions of the arresting police officers are immaterial to a proper analysis under the Fourth Amendment. *Whren*,

517 U.S. at 813; *Scott*, 436 U.S. at 128, 137-38; *Garrido-Santana*, 360 F.3d at 571; *United States v. Herbin*, 343 F.3d 807, 809-10 (6th Cir. 2003); *United States v. Bailey*, 302 F.3d 652, 657 (6th Cir. 2002); *McCurdy v. Montgomery County, Ohio*, 240 F.3d 512, 517 (6th Cir. 2001); *United States v. Wellman, Jr.*, 185 F.3d 651, 654, 655 (6th Cir. 1999); *Ferguson*, 8 F.3d at 391-92; *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988); *Cunningham v. Sisk*, 2003 WL 23471541, * 8 (E.D. Tenn. Dec. 4, 2003), *aff'd*, 2005 WL 1285649, * 3 (6th Cir. May 18, 2005). From beginning to end, the constitutionality of a traffic stop under the Fourth Amendment depends upon the objectively reasonable justifications for the actions of the police, not their subjective intentions and motives. *Herbin*, 343 F.3d at 810; *Cunningham*, 2003 WL 23471541 at * 9; *see also Arkansas v. Sullivan*, 532 U.S. 769, 771-72 (2001) (per curiam) (custodial arrest for traffic violation and search incident to arrest do not violate Fourth Amendment just because the police had an improper subjective motivation for making the traffic stop).

Once the purpose of the traffic stop is completed, a motorist cannot be further detained by the police unless something that occurs during the traffic stop causes the police officer to have a reasonable, articulable suspicion that other criminal activity is afoot. *United States v. Richardson*, 385 F.3d 625, 629-30 (6th Cir. 2004); *Garrido-Santana*, 360 F.3d at 571; *Bailey*, 302 F.3d at 657-58; *Jackson*, 63 Fed. Appx. at 841, 2003 WL 1984697 at * 2; *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). Reasonable suspicion is more than an ill-defined hunch. It must be based upon a particularized and objective basis to suspect the person detained of engaging in some criminal activity. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *Richardson*, 385 F.3d at 630.

When Borne opened his car window to speak with the police, officer Garner immediately noticed a strong chemical odor that smelled like methamphetamine. Based on his prior law

-3-

enforcement experience, officer Garner was very familiar with the smell of methamphetamine. Officer Garner also knew that Borne had a prior criminal history involving various arrests and convictions for methamphetamine-related crimes. The totality of these facts and circumstances was more than sufficient to give officer Garner reasonable and articulable suspicion that other criminal activity was afoot, i.e. that Borne possessed methamphetamine either on his person or someplace in his automobile.

The Court agrees with the Magistrate Judge's finding that Borne knowingly and voluntarily consented to a police search of his automobile. But even if we assume *arguendo* that Borne did not give his consent to search, the Court further concludes that the warrantless search of Borne's automobile incident to his lawful arrest did not violate his Fourth Amendment rights. It is well settled that the warrantless search of an automobile incident to a lawful arrest does not violate the Fourth Amendment, even if the person arrested (Borne) has exited or been removed and separated from the automobile prior to the search. *Thornton v. United States*, 541 U.S. 615 (2004); *New York v. Belton*, 453 U.S. 454, 457 (1981); *United States v. Riascos-Suarez,* 73 F.3d 616, 625-26 (6th Cir. 1996); *United States v. Hudgins*, 52 F.3d 115, 118-19 (6th Cir. 1995); *United States v. Thomas*, 11 F.3d 620, 628 (6th Cir. 1993); *United States v. Mans*, 999 F.2d 966, 968-69 (6th Cir. 1993); *United States v. White*, 871 F.2d 41, 44 (6th Cir. 1989).

SO ORDERED.

ENTER this *20th day of September, 2005*.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE
